HENNEPIN HOLDING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

BURTON COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 33323, 37392, 37396, 37397. Promulgated May 8. 1931.

*Henry H. Adams, Esq.*, and *C. H. Davis, Esq.*, for the petitioners.
*John D. Kiley, Esq.*, for the respondent.

122

OPINION.

TRUSSELL: In respect to the first issue, we are convinced by the proof that the expenditures by petitioners for advertising the Ply-

mouth Clothing House were reasonable and justified as in the individual interests of these two petitioners. The Plymouth Clothing House was largely indebted to them and its ability to ultimately pay such indebtedness was jeopardized by its continuing decrease in business. It was also the most valuable tenant which they had in their leased properties and its failure would have necessitated the securing of another tenant, which could only be done upon the expenditure of very large sums for remodeling, and this would be out of the question as the lease of the Plymouth Building had only a few years to run, and this expenditure could not have been recovered through the rents for that short period. In addition to this, the failure of this enterprise would have seriously affected the values of the other properties of petitioners in the immediate vicinity. The action of respondent in disallowing the deductions in question as made by petitioners in their returns for 1924 and 1926 is disapproved.

In respect to the second issue it appears that all three of these corporations filed separate returns for 1925 and 1926, this action being taken subsequent to the enactment of the Revenue Act of 1926. For prior years they had filed consolidated returns. The action taken in 1925 and 1926 was voluntary and an exercise of the option provided by section 240 of the act in question. We hold that the determination by respondent of income for those years on the basis of such individual returns was proper. *Alameda Investment Co.* v. *McLaughlin*, 33 Fed. (2d) 120; *Bowie Lumber Co., Ltd.*, 20 B. T. A. 342; *Imperial Assurance Co.*, 19 B. T. A. 1068; *Harbour-Longmire Co.*, 18 B. T. A. 33.

As to 1924 a different condition exists. For that year the three corporations filed a consolidated return and the sole question is whether or not they were in fact affiliated. Section 240 (c) (2) of the Revenue Act of 1924 provides:

For the purpose of this section two or more domestic corporations shall be deemed to be affiliated * * * (2) if at least 95 per centum of the voting stock of two or more corporations is owned by the same interests. * * *

The record shows that in such years all of the stock of these two petitioners, with the exception of one share in the Hennepin Holding Company, was owned by Hazen J. Burton, his wife, son and two daughters. We think it unquestionable that these two petitioners were affiliated through ownership by the " same interests." With respect to the Plymouth Clothing House, it is shown that of its 3,000 shares, 2,784 were owned by H. J. Burton, his wife and son, and that the stockholdings of the son were received by him from his father, encumbered with annuities in favor of the latter and of the recipient's mother and two sisters. The ownership of this stock is, in our opinion, in the " same interests " owning the stock of the two petitioners. Of the balance of 216 shares it is shown that 134 shares

stood on the stock book in the name of one H. L. Tucker, then and for many years prior to that time a valued employee of the corporation, and after careful consideration of the peculiar circumstances shown by the record in respect of the issue of this stock, it is our conclusion that it does not constitute a stock ownership by a separate interest in contemplation of section 240 (c) (2) above quoted. It is true that this stock stood on the books in the name of Tucker, but it remained in possession of the corporation, and its issue appears to have been an incident in the carrying out of an arrangement whereby this old employee was to be permitted to acquire a stock interest from future earnings of the corporation which it was anticipated would result from his employment by it and his efforts in its behalf. This anticipation as to earnings did not bear fruit, the corporation producing no profit for distribution, and consequently no equity was acquired by Tucker on this stock, and after some years the agreement was canceled and the stock turned back into the treasury of the corporation. Cf. *Samuel Bell & Sons*, 22 B. T. A. 793; *M. W. S. Realty Co.*, 21 B. T. A. 133; *Baker Lumber Co.*, 21 B. T. A. 124.

The basis of affiliation and the allowance of consolidation of income for tax purposes is actual unity of interest and in few of the cases considered by us has there existed the unity of control and operation here shown and in few such unity of interest. The prosperity of each concern was in large measure dependent upon the continued prosperous operation of the other two. The failure of one did not mean merely the probable loss by the Burton interests of their investment therein, but the probable loss of a large part of the investments in all three.

We hold that the two petitioners and the Plymouth Clothing House were affiliated in 1924, and the tax liability of petitioners should be computed on the basis of the consolidated return as filed for that year.

Reviewed by the Board.

> *Judgment will be entered pursuant to Rule 50.*

MURDOCK dissents.